IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HATTIE S. PETTAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-435-WKW |
| ) | (WO) |
| WATER WORKS AND ) | |
| SANITARY SEWER BOARD OF ) | |
| THE CITY OF MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**TEMPORARY RESTRAINING ORDER**

Before the court is Plaintiffs' motion for temporary restraining order. (Doc. # 3.) This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, in violation of her due process rights, Defendant intends to terminate her water services without giving her a meaningful opportunity to contest a bill that she contends she does not owe and never incurred. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 18 (1978) ("[S]ome administrative procedure for entertaining customer complaints prior to termination is required to afford reasonable assurance against erroneous or arbitrary withholding of essential services. The customer's interest is self-evident. Utility service is a necessity of modern life; indeed, the discontinuance of water or heating for even short periods of time may threaten health and safety. And the risk of an erroneous deprivation,

given the necessary reliance on computers, is not insubstantial." (footnotes omitted)).

Having considered the motion, the court concludes that the motion for temporary restraining order is due to be granted. Plaintiff has met the procedural requirements for filing a motion for temporary restraining order. Further, she has demonstrated (1) a substantial likelihood of success on the merits; (2) that, if the relief is not granted, she will suffer irreparable injury in the form of deprivation of water services that she needs in order to maintain her health and take her medications; (3) that the threatened injury outweighs the harm the relief would inflict on Defendant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). The court notes that the temporary restraining order will impose no burden on Defendant, and no financial risk.

For the foregoing reasons, it is ORDERED that Plaintiffs' Motion for Temporary Restraining Order (Doc. # 3) is GRANTED as follows:

1.   It is ORDERED that Defendant is RESTRAINED and ENJOINED from turning off the water to Plaintiff's home located at 117 Miller Lane, Montgomery, Alabama 36117 prior to **5:00 p.m. on June 28, 2016**.

2.   It is further ORDERED that, on the representation of the Plaintiff, no bond shall be required.

3. It is ORDERED that this temporary restraining order shall expire at **5:00 p.m. on June 28, 2016.**

4. It is ORDERED that the motion for preliminary injunction is set for a hearing on **2:00 p.m. on June 22, 2016**, in Courtroom in courtroom 2-B of the Frank M. Johnson, Jr. U.S. Courthouse, in Montgomery, Alabama. Counsel shall appear in person, and telephonic appearances will not be permitted. The Clerk of the Court is DIRECTED to provide a court reporter for the hearing.

Plaintiff is DIRECTED to promptly serve Defendant with a copy of this Order.

DONE this 14th day of June, 2016.

                                            /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE